IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-08-0509** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| R. MARTINEZ, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On March 2, 2008, Petitioner, Robert Lee Winfield, Jr., an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood") at White Deer, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] Petitioner paid the requisite filing fee. (Doc. 4). Petitioner also filed a lengthy 25-page Memorandum along with attached Exhibits, Exs. 1-20, in addition to his nine-page form Habeas Petition, which essentially has as its ground for relief a claim of actual innocence.

Petitioner's Habeas Petition has not yet been served on Respondent. The undersigned has been assigned this case for purposes of issuing a Report and Recommendation under 28 U.S.C. § 636(b)(1). We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa.

---

[1]Since the proper Respondent is the Warden at USP-Allenwood, the Petitioner correctly names R. Martinez in his caption as the Respondent herein. (Doc. 1, p. 1). *See* 28 U.S.C. § 2242 and § 2243.

1979).[2]

## II.  Petitioner's Factual Background.

The Petitioner was convicted on July 29, 19996, following a jury trial, in the United States District Court for the Eastern District of Virginia, Case No. 95- CR-193. (Doc. 2, Memorandum, Ex. A and Doc. 1, p. 1).  Petitioner was sentenced in the stated case to life imprisonment plus 300 months.  (Doc. 1, p. 2).  Petitioner has listed his numerous convicted crimes on page 9 of his Habeas Petition.  Petitioner was convicted of being part of a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848, along with several related offenses, including murder and attempted murder while engaged in a CCE.  (*Id*., p. 9).  Petitioner states that he directly appealed his convictions to the Fourth Circuit Court of Appeals.  The Fourth Circuit affirmed his judgment of conviction on March 5, 1998.  Petitioner cites to 139 F. 3d 896 (4th Cir. 1998).  (*Id*., pp. 2-3).  Petitioner indicates that he filed a motion with the sentencing District Court, pursuant to 28 U.S.C. § 2255, on February 26, 1999, and that the sentencing District Court denied his § 2255 motion on March 17, 2000.  (*Id*., p. 5).  Petitioner then states that he received new evidence about his criminal case on November 17, 2006, *i.e.* an affidavit from the government's key witness against him, Petitioner's cousin David Winfield.  Petitioner states that David, in his affidavit, averred that he told the prosecutor, AUSA Tayman, that he, and not Petitioner, killed three individuals, and that the prosecutor led him to commit perjury at Petitioner's trial.  (*Id*., pp. 4 and 6 and Doc. 2, Ex. 3).

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner states, and his exhibits indicate, that he filed a second § 2255 motion with sentencing District Court, Eastern District of Virginia, on November 19, 2007, and that on February 29, 2008, the Eastern District of Virginia District Court dismissed Petitioner's second § 2255 motion for lack of jurisdiction since Petitioner did not obtain authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A), from the Fourth Circuit to file a second § 2255 motion. (*Id.*, p. 6 and Doc. 2, Ex. 1). Petitioner's Ex. 2 to his Memorandum shows that previously, Petitioner filed a motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion, but that the Appeals Court denied Petitioner's motion on October 18, 2007. (Doc. 2, Ex. 2).

Petitioner clearly knew of his actual innocence claim at the time he filed his motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion and at the time he filed his second § 2255 motion with the sentencing court. Petitioner now claims that because he has no other avenue of relief with respect to his actual innocence claim, he should be permitted to file his present Habeas Petition as this is the only available remedy. (Doc. 1, p. 6). We disagree.

Petitioner now seeks to challenge his almost 12-year-old life sentence by claiming that § 2255 is inadequate since the sentencing Court lacked jurisdiction to hear his second §2255 motion, which he filed after he discovered, on November 17, 2006, the so-called new evidence (*i.e.* the October 29, 2006 affidavit of his cousin David averring that he murdered the individuals Petitioner was convicted of murdering, and that he attempted to murder another person, for which Petitioner was convicted, and averring that the prosecutor made him commit perjury and testify against Petitioner), which he claims shows that he is actually innocent of his convicted offenses.

Petitioner indicates that § 2241 is his only recourse since he has already filed a § 2255 motion with the sentencing court which was denied and since the Fourth Circuit has denied his request to file a successive § 2255 motion after he discovered his so-called new evidence showing his actual innocence. Petitioner thus indicates that a motion pursuant to 28 U.S.C. § 2255 is no longer available to him as a remedy to challenge his convictions based on the October 29, 2006 affidavit of his cousin. (Doc. 2, pp. 1- 2). Petitioner also states that a habeas petition is the proper remedy for his claim that he is actually innocent since "the affidavit of David Winfield was not yet available at the time of Petitioner's first § 2255 motion." (*Id.*, p. 2). Nonetheless, the affidavit of Petitioner's cousin David was clearly available when Petitioner filed his § 2244 motion with the Fourth Circuit for permission to file a successive § 2255 motion, which was denied on October 18, 2007, and when he filed his second § 2255 motion with the sentencing court on November 19, 2007. (Doc. 2, Exs. 1 and 2).

Specifically, Petitioner states as follows:

> [T]his court should allow someone in Petitioner's unusual position to file his Actual Innocent claim under § 2241 habeas corpus, because he had no earlier opportunity to challenge his convictions for crimes that (1) the government withheld evidence that would have cleared Petitioner of the crimes; (2) induced its key witness to commit perjury to obtain the convictions; and (3) the fact that the government's key witness was the only witness to certain crimes Petitioner was convicted for, therefore Petitioner is Actually Innocent.

(Doc. 2, p. 2).

Even though Petitioner is claiming that he did not know of this so-called new evidence and his actual innocence claim when he filed his first § 2255 motion, he knew of this evidence and this

claim when he filed his request with the Fourth Circuit to file a second § 2255 motion. Notwithstanding Petitioner's so-called new evidence in the form of his cousin's affidavit, in which his cousin essentially states that he, not Petitioner, committed the murders of which Petitioner was convicted, the evidence was available to Petitioner when he filed his § 2244 motion with the Fourth Circuit.  Also, during Petitioner's trial, David testified that he changed his story about the murder of Mark Martin after the prosecutor told him he could be charged with murder. (Doc. 2, pp. 6-10). Thus, as discussed below, Petitioner's jury already considered David's testimony regarding the Petitioner's present actual innocence claim.

### III.  Claims of Habeas Petition.

The Petitioner claims that the sentencing court could not impose the life prison sentence on him since his cousin David lied at his trial and the prosecutor (AUSA Tayman) led his cousin to commit perjury when he testified about Petitioner's role in the CCE and in the murder of Mark Martin, as well as the attempted murder charge against Petitioner and Petitioner's supervisory role in the CCE as related to Petitioner's convictions.  Petitioner states:

> November 17, 2006, Petitioner received a sworn affidavit from the government's key witness David Winfield.  In the affidavit David Winfield admitted to telling Ms. Tayman that he was the one that killed Mark Martin, William Bales, Reginal Cannon, and attempted to murder Darwin Eady, but Ms. Tayman led him to commit perjury.  (See Exhibit 3).

(Doc. 1, p. 4).

Petitioner frames his actual innocence claim as follows:

> At trial the government relied upon the testimony of David Winfield to convict Petitioner on the above counts, and without David Winfield's testimony Petitioner would not have been convicted.

5

(Doc. 2, p. 3).

Petitioner also states:

> In support of Petitioner's Actual Innocent claim, Petitioner points to the facts in David Winfield's sworn affidavit: (1) David Winfield explained that he consistently told Ms. Tayman that he was the one that killed Mark Martin; (2) that he killed William Bales; (3) that he killed Reginal Cannon; (4) and that he took it upon himself to track down Darwin Eady and shot him six times; (5) but Ms. Tayman told him that he need to rehears what she say; and (6) him (David), Andre Branche and Robert Holman (Bob) sat up most of the night rehearsing their stories. (See Exhibit 3.)
>
> Petitioner explains how David Winfield's false testimony convicted him, and without his (David) testimony Petitioner would not have been convicted of these counts.

(*Id.*, pp. 3-4).

Petitioner quotes portions of his cousin's testimony and concludes:

> Again, David Winfield's trial testimony confirms his affidavit that he committed perjury and that it was induced by Ms. Tayman, because after speaking to Ms. Tayman and she threatened him to charge with murder, that's when he changed his story.

(*Id.*, p. 10).  Thus, Petitioner concedes that the jury in his case already considered his present habeas claim that the prosecutor made David change his story about Petitioner's ties to the CCE and murder of Mark Martin.  Petitioner's so-called new evidence, consisting of David's affidavit re-asserting his claim that he was forced to change his story, is not new evidence.  Rather, it is duplicative of his trial testimony.

Petitioner claims that his sentence of life was the result of perjured testimony of his cousin which was suborned by the prosecutor.  Petitioner states that since he no longer has § 2255 as a

6

recourse with respect to his actual innocence claim by virtue of the Fourth Circuit's denial of his § 2244 motion to file a second § 2255 motion, even after Petitioner was able to present his claim of new evidence to the appeals court, this Court (Middle District of Pennsylvania) should hear his Habeas Petition. Petitioner seeks this Court to now vacate the sentencing Order of the Eastern District of Virginia Court, since he claims that he is actually innocent of his convicted offenses, and to immediately release him from prison. (*Id.*, p. 25).

As stated, the Petitioner indicates that he directly appealed his 1996 judgment and sentence to the United States Court of Appeals for the Fourth Circuit, and he indicates that he filed two Motions to Vacate, pursuant to 28 U.S.C. § 2255, in the United States District Court Eastern District of Virginia, which sentenced him.

The Petitioner filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania on March 20, 2008, almost 12 years after the imposition of his July 1996 life sentence, which is the subject of his habeas case. Petitioner states that he cannot raise his present actual innocence claim in a § 2255 motion and that § 2255 is inadequate to raise his present issue since he has already filed a §2255 motion and the Fourth Circuit has denied his motion to file a second one, even after he discovered his new evidence that it was his cousin who committed some of the offenses for which Petitioner was convicted.

To the extent that Petitioner asserts that this Court should consider his actual innocence claim *via* his present Habeas Petition, he certainly does not show that the basis for his claim, *i.e.* his cousin's October 29, 2006 affidavit (Doc. 2, Ex. 3), was unavailable when he filed his § 2244 motion with the Fourth Circuit or when he filed his second § 2255 motion with the sentencing

court. Thus, Petitioner did have a remedy to raise his present claim, and simply because he was not granted permission by the Fourth Circuit to file a second § 2255 motion after he discovered his so-called new evidence does not render § 2255 as inadequate or ineffective. In any event, Petitioner does not show that § 2255 is inadequate or ineffective. Nor does Petitioner show that his cousin's affidavit is, in fact, new evidence showing his innocence.

**IV. Discussion.**

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, arguing that he has new evidence to show that he did not commit the offenses of which he was convicted, and that his cousin David committed them and was forced by the prosecutor to commit perjury at Petitioner's trial. Thus, Petitioner states that he is actually innocent of his July 1996 convictions and life-sentence imposed by the Eastern District of Virginia District Court. We find that Section 2255 is an adequate and effective remedy for Petitioner to present his instant claim. As stated, Petitioner has indicated that he has twice attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective. We also find that Petitioner knew of his stated claim in November 2006 (Doc. 1, p. 4), before he filed his § 2244 motion with the Fourth Circuit for permission to file a second § 2255 motion and before he filed his second § 2255 motion with the sentencing district court in November 2007. Thus, we also find that Petitioner cannot circumvent the one year statute of limitations for a § 2255 motion by filing a § 2241 habeas petition. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3d Cir. 2002)("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The

provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.")(Internal citations omitted).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here.  However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him.  *See Cradle*, 290 F.3d. at 539.  Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious Constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence."  This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction.  *Id*.

Our Petitioner states that he has newly discovered evidence that would negate the criminal nature of his conduct regarding his federal convictions.  However, his new evidence is

the October 29, 2006 affidavit of his cousin David, in which David avers that the prosecutor told him how to testify in Petitioner's trial and that he was the one who murdered three people and attempted to murder another. (Doc. 2, Ex. 3). David concludes that "the wrong peoples (sic) is locked up for crimes they didn't committ (sic)." (*Id*.). Petitioner's claim that there is new evidence that his cousin lied about his role in the CCE and in the murder of Mark Martin was available to him when he filed his §2241 motion with the Fourth Circuit and when he filed his second § 2255 motion with the sentencing court. Further, we do not find that the affidavit of Petitioner's cousin David negates the criminal nature of Petitioner's conduct leading to his federal convictions. The jury considered David's testimony that he changed his story about Petitioner's role in the murder of Mark Martin after the prosecutor told him he could be charged with murder. (Doc. 2, pp. 6-10). Additionally, Petitioner does not show that a § 2255 motion with the sentencing court raising his actual innocence claim is inadequate or ineffective.

Petitioner does not demonstrate that § 2255 is an inadequate remedy to test the legality of his federal convictions and life sentence. Petitioner is now trying to collaterally attack his life sentence in the Virginia District Court almost 12 years after it was imposed by relying on his cousin's October 2006 affidavit averring that the prosecutor had him commit perjury in Petitioner's trial and that he committed most of the offenses for which Petitioner was convicted. As the Court in *Diaz v. Warden FCI Fairton*, 40 Fed. 665, 666 (3d Cir. 2002) (Non-Precedential), stated "§ 2241 is not an available alternate for collaterally attacking a federal criminal sentence. Pursuant to 28 U.S.C. § 2255, such a post-sentencing challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to

consider it." Petitioner Diaz claimed, in part, that his Sixth Amendment right to effective counsel was deprived and that his Sixth Amendment right to fair notice of the charges against him was violated. The *Diaz* Court stated:

> Diaz relies on *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), but it is clear under *Dorsainvil* that § 2255 is not rendered inadequate or ineffective simply because a prisoner missed the chance to raise an argument that could have been raised but was not, or was unsuccessful in raising the argument. *Dorsainvil* recognizes a highly limited exception to the barriers erected by the AEDPA, which arose in that case in the "uncommon situation" of an inmate who, by reason of those barriers, never had an opportunity to challenge his conviction in light of the Supreme Court's subsequent decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which determined that the offense for which *Dorsainvil* had been convicted and sentenced was not an offense at all.
>
> That exception is not applicable here. Diaz failed to demonstrate the manner in which § 2255 was or could be considered inadequate or ineffective to test his continued detention. [FN2] He plaintively laments the failures of his prior counsel. But the asserted failure of counsel to brief one or more sentencing issues on direct appeal does not render § 2255 inadequate.
>
> FN2.  Moreover, Diaz has not made out a case for actual innocence.

*Id*.

As stated, we do not find that our Petitioner has made out a claim for actual innocence based solely upon his cousin's October 2006 affidavit and averments that the prosecutor made him commit perjury and that he committed the offenses for which Petitioner was convicted. As stated, the jury in Petitioner's case considered similar trial testimony of David and still convicted Petitioner of several CCE related offenses, including the murder of Mark Martin. We also note that the Fourth Circuit Court of Appeals apparently found no merit to Petitioner's claim of actual innocence since it denied, on October 18, 2007, his § 2244 motion to file a second §2255

motion even after Petitioner had become aware of his cousin David's October 2006 affidavit, his so-called new evidence showing his actual innocence, in which David admitted that that he did not testify truthfully at Petitioner's trial about Petitioner's role in the CCE.

At Petitioner's trial, Petitioner's cousin David testified that he changed his original story about the murder of Mark Martin when he spoke to Detective Beard a second time since prosecutor Tayman told him he could be charged with murder and faced 25 years to life in prison. (Doc. 2, pp. 9-10 and Ex. 6). At this point, when David spoke to Detective Beard again, it seems as though David implicated his cousin's involvement with the murder of Mark Martin. Petitioner states:

> The evidence that was withheld from Petitioner now clears
> Petitioner of the murder of Mark Martin, because David Winfield
> said in his affidavit that he (David) told Ms. Tayman that he was
> the one that killed Mark Martin, Andre Branche testimony was
> rehearsed with David Winfield, Ronald Curry and Darwin Eady admitted
> later, that they did not see Petitioner shoot Mark Martin.

(Doc. 2, p. 18). Petitioner concludes in his Memorandum that:

> The facts in David Winfield's affidavit, along with the
> evidence in the trial record clearly reveals that Petitioner did
> not engage in a continuing criminal enterprise, did not attempt
> to murder Darwin Eady, and did not murder Mark Martin, therefore
> Petitioner is "Actual Innocent" of Counts 2, 3, 4, 5, 7, 8 and 9,
> and possibly some of the other counts.

(*Id.*, pp. 24-25).

Thus, it appears from Petitioner's trial transcript that the jury in his criminal trial had heard David's testimony that he changed his story about Petitioner's role in the Martin murder after he spoke to prosecutor Tayman, and David's testimony that Tayman told him he could be

charged with murder. According to Petitioner himself, "David's Winfield's trial testimony confirms his [October 29, 2006] affidavit that he committed perjury and that it was induced by Ms. Tayman, because after speaking to Ms. Tayman and she threatened him to charge [him] with murder, that's when he [David] changed his story ... ." (Doc. 2, p. 10). Petitioner's co-called new evidence in the form of his cousin's October 29, 2006 affidavit simply repeats David's trial testimony, which the jury considered in Petitioner's trial and which it apparently did not find credible. Thus, Petitioner has no new evidence and his claim of actual innocence was already presented to the jury and found not credible. Further, Petitioner has not established a claim of actual innocence.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was

denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the actual innocence claim Petitioner presents in this Petition, challenging his convictions based on his cousin's affidavit which merely reasserted testimony that was already considered by Petitioner's jury at his trial, is within the purview of § 2255.

In support of his efforts to have his Petition heard as a § 2241, the Petitioner seemingly contends that he is not procedurally barred from filing his present Petition since § 2255 is inadequate to challenge his life sentence because he filed one §2255 motion and the appeals court would not authorize him to file a second one. Petitioner also claims that § 2255 is inadequate because his claim is based on his actual innocence. However, as discussed above,

the jury already heard the trial testimony of Petitioner's cousin that he changed his story about Petitioner's role in the murder of Mark Martin and his claim that the prosecutor told David that he could be charged with murder.  In fact, Petitioner indicates that present his claim was heard by the jury and that David's trial testimony simply "confirms his [October 2006] affidavit that he committed perjury."   (*Id.*, p. 10).

Notwithstanding the fact that Petitioner has filed one § 2255 motion and the Fourth Circuit has not authorized him to file a second one, we find that Petitioner's remedy is to file another § 2244 motion for permission to file a second § 2255 motion, and that he can raise his present claim that he is actually innocent of his convicted offenses in a § 2255 motion.

We find that Petitioner's recourse is to seek permission to file a motion under 28 U.S.C. § 2255 with respect to his July 1996 convictions.   Simply because Petitioner has already filed one §2255 motion and was not authorized to file a second one, and because the one-year statute of limitations for a § 2255 motion may have expired does not render this remedy as inadequate.  *See Green, supra; Sperling, supra.*

Thus, with regard to the Petitioner's actual innocence argument[3], as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition, even though Petitioner has already filed one.  The Petitioner must seek his relief *via* that vehicle.

In this case, Petitioner stated that he has already filed a §2255 motion regarding his 1996 convictions  for which he is presently incarcerated, and but he does not demonstrate a personal

---

[3]Petitioner's actual innocence claim is more a kin to a claim challenging the jury's credibility determination with respect to David's trial testimony.

inability to utilize this remedy. Even though Petitioner filed a previous §2255 motion as to his convictions and life sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

The Court in *Reyes v. Lamanna*, 2006 WL 2708533, *2(W.D. Pa.), stated "challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court."(citation omitted). In *Reyes*, the Court stated that since the habeas petition represented "a collateral attack upon the terms of the plea agreement" such attack "is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court." *Id*. Further, even if the

one-year statute of limitations for a § 2255 motion has expired, it does not render this remedy as inadequate or ineffective. *Id.*, *3. Thus, inability of Petitioner to file another § 2255 motion with the sentencing court to challenge his convictions based on his cousin's affidavit averring he committed perjury at Petitioner's trial, which merely affirmed his cousin's trial testimony which was considered by the jury, does not render this remedy as inadequate or ineffective.

We find that the present Habeas Petition should be dismissed for lack of jurisdiction. In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that the petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion. The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121. Our Petitioner's actual innocence claim based on his cousin's affidavit was already considered by Petitioner's jury when his cousin testified. (Doc. 2, pp. 6-10).

Based upon the now well-settled case law in this Circuit, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Habeas Petition be dismissed. (Doc. 1).

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 4, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-08-0509** |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **April 4, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: April 4, 2008**