# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE WINFIELD, JR., <br> Petitioner <br><br> v. <br><br> R. MARTINEZ, WARDEN, <br> Respondent | No. 3:08cv509 <br><br> (Judge Munley) |

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt that proposes the dismissal of the instant petition for a writ of habeas corpus. Petitioner Robert Lee Winfield filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

Petitioner Robert Lee Winfield, Jr. is incarcerated at the United States Penitentiary Allenwood ("USP-Allenwood"). (Doc. 1, ¶ 1). After being found guilty by a jury of various crimes, he was sentenced by the United States District Court for the Eastern District of Virginia on July 29, 1996 to a sentence of life plus 300 months. (Id. at ¶ ¶ 2, 4(a)).[1]

---

[1] Petitioner was convicted of: Continuing criminal enterprise, 21 U.S.C. § 848; murder while engaged in a continuing criminal enterprise, 21 U.S.C. § 848 (e)(a)(1); possession with the intent to distribute narcotics, 21 U.S.C. § 841(a)(1); use of firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1); murder while using a firearm by a convicted felon, 18 U.S.C. § 924(I); possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); attempted murder of a witness while engaged in a continuing criminal enterprise, 18 U.S.C. § 3591(b)(2); attempted murder of a witness, 18 U.S.C. § 1512(a)(1); retaliation against a witness, 18 U.S.C. § 1513(a); use and carry a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(i). (Doc. 1, Attachment).

Petitioner appealed his judgment of conviction/sentence to the United States Court of Appeals for the Fourth Circuit. (Id. ¶ 8(a)(i)). His conviction and sentence were affirmed on March 5, 1998. (Id. ¶ 8(b)(i); (c)(i)). Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in his trial court on February 26, 1999. The district court denied the motion on March 17, 2000. (Id. at ¶ ¶ 11 - 13). In order to file a second or subsequent section 2255 motion, the petitioner would need certification from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Without obtaining such certification, the petitioner filed a second § 2255 motion with the trial court. On February 29, 2008, the court denied the motion because petitioner had not obtained authorization from the Fourth Circuit Court of Appeals to file it.[2] (Doc. 2, pg. 27).

On March 30, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming "actual innocence" of the crimes. (Id. ¶ 9(a)). Evidently, he filed the petition in this judicial district because he is imprisoned here.

The case was assigned to Magistrate Judge Thomas M. Blewitt for purposes of issuing a report and recommendation. See 28 U.S.C. § 636(b)(1). The law provides that when a section 2241 habeas corpus petition is filed, the court "must promptly examine it. If it plainly appears from the petitioner and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4 of the Rules Governing sect 2254 cases in the U.S. District Courts,

---

[2]Plaintiff had been denied authorization by the Fourth Circuit to proceed with a second § 2255 motion on October 18, 2007). (Doc. 2, pg. 28.

2

28 U.S.C. foll. § 2254 (made applicable to § 2241 petitions under Rule 1(b)).  Magistrate Judge Blewitt issued a report and recommendation indicating that the case should be dismissed under Rule 4.  Petitioner then filed objections to the report and recommendation bringing the case to its present posture.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

As noted in the factual background.  The petitioner, a federal prisoner, challenges his conviction of various crimes in the United States District Court for the Eastern District of Virginia.  Petitioner moves for relief under 28 U.S.C. § 2241.  The law provides, however, that the presumptive means for a federal prisoner to challenge his conviction is through a motion pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).[3]  A federal prisoner who challenges his conviction may

---

[3]Section 2255 provides:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

3

only bring a section 2241 habeas corpus petition when a section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Therefore, for the petitioner to continue with the instant section 2241 petition, a section 2255 motion must be inadequate or ineffective to address his claims.  A section 2255 motion is **not** inadequate or ineffective where the petition raises newly discovered evidence or a new rule of constitutional law. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) (denying certification to file a subsequent 2255 motion where the petitioner did not argue newly discovered evidence or a new rule of constitutional law).  In the instant case, the petitioner argues that newly discovered evidence establishes his actual innocence of at least some of the crimes of which he was convicted.[4]  As petitioner argues new evidence, the procedure for him to utilize is to apply to the appropriate circuit court for certification to file a

---

>       the United States, or that the court was without
>       jurisdiction to impose such sentence, or that the
>       sentence was in excess of the maximum authorized
>       by law, or is otherwise subject to collateral attack,
>       may move the court which imposed the sentence to
>       vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

[4]This "newly discovered" evidence is an affidavit dated October 29, 2006.  The affiant is the petitioner's cousin, David Lee Winfield, who accepts responsibility for at least some of the crimes that petitioner was convicted of.  (Doc. 2, at 29).  He states that he told the United States Attorney that he was responsible for shooting one victim six times and for several murders.  (Id.).  Evidently, it is the affiant's and petitioner's position that instead of charging David Lee Winfield with the crimes he admitted to, the United States Attorney asked him to commit perjury at the trial in order to convict petitioner.

4

subsequent section 2255 motion.

Petitioner argues that he is in a similar position as the petitioner in <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997) where the Third Circuit found that section 2255 was inadequate or ineffective. After a careful review, we disagree.

<u>Dorsainvil</u> involved the case of Ocsulis Dorsainvil, who had been convicted of various drug trafficking related crimes. <u>Id.</u> at 247. After he was convicted, Dorsainvil did not file an appeal, but rather filed a motion under section 2255 based upon ineffective assistance of counsel and double jeopardy. <u>Id.</u> at 246. Several years later, Dorsainvil filed a second 2255 motion. The district court concluded it did not have jurisdiction over the claim as the Circuit Court of Appeals was the only court which could grant certification to the petitioner to file a second or subsequent section 2255 motion. <u>Id.</u> Dorsainvil then moved the Third Circuit for the required certificate.

The basis of Dorsainvil's petition was a Supreme Court opinion that, he argued, clarified the law and made his actions not illegal. <u>Id.</u> at 247. The Third Circuit examined Dorsainvil's claims to determine if it contained newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review. The court found that it did not because the petitioner did not argue new evidence or a change in constitutional law. Instead, he argued a substantive statutory holding. Therefore, he did not meet the section 2255 standard for filing a successive motion. <u>Id.</u> at 248. The court then reasoned that because he could not raise his substantive statutory argument through a section 2255 motion, then section 2255 was inadequate and ineffective and he should

5

have the opportunity to proceed with a section 2241 petition for a writ of habeas corpus.  Id. at 251.

The court emphasized, however, that a section 2255 motion would not be inadequate or ineffective merely because a petitioner is unable to meet the stringent gatekeeping requirements of section 2255.  Id.   The court explained that its case dealt with "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  Id.

Petitioner in the instant case does not present the same situation.  Rather than alleging an intervening change in substantive law that might negate his convictions, he asserts newly discovered evidence.  This type of argument can properly be raised in a section 2255 motion, and the instant petition for a writ of habeas corpus will be dismissed.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT LEE WINFIELD, JR., : No. 3:08cv509
            **Petitioner** :
             : (Judge Munley)
     v. :
             :
R. MARTINEZ, WARDEN, :
            **Respondent** :

## ORDER

**AND NOW**, to wit this 8th day of October 2008, it is hereby **ORDERED** as follows:

1) Magistrate Judge Blewitt's report and recommendation (Doc. 5) is hereby **ADOPTED**;

2) Petitioner's objections (Doc. 6) are **OVERRULED**;

3) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**;

4) We decline to issue a certificate of appealability. A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Based upon the reasoning in the accompanying memorandum, we find that petitioner has not shown the denial of a constitutional right. See 28 U.S.C. § 2253(c) and and 3d Cir. LAR. 22; and

5) The Clerk of Court is directed to close this case.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**